[No. B156084. Second Dist., Div. Five. Sept. 15, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
RICKY SANDERS et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II through III.B.1. and III.B.3.

COUNSEL

Doris S. Browning, under appointment by the Court of Appeal, for Defendant and Appellant Ricky Sanders.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant Andre Donovan Sheppard.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Steven D. Matthews, and Adrian N. Tigmo, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MOSK, J.—

## I. INTRODUCTION

After a consolidated trial, defendants Ricky Sanders (Sanders) and Andre Donovan Sheppard (Sheppard) were found guilty of first degree murder (Pen. Code, § 187, subd. (a)),[1] for the shooting and killing of Kevin Lenaris (Lenaris) after losing money to him in a dice game. Firearm enhancement allegations (§ 12022.53, subds. (c), (d)) were found to be true. Sanders contends that the prosecutor violated his discovery obligations under section 1054.1, and, based on that violation, the trial court abused its discretion in denying a defense request for a continuance; that his trial counsel was ineffective in failing to join the request for a trial continuance; that the trial court abused its discretion in refusing to instruct the jury with CALJIC No. 2.28 (failure to timely produce evidence); and that he was denied his

---

[1] All further undesignated statutory references are to the Penal Code.

right to effective assistance of counsel, due process of law, and the right to confront and cross-examine witnesses. In addition to joining these contentions (except that regarding ineffective assistance of counsel), Sheppard contends that the trial court committed prejudicial error in refusing to instruct the jury on voluntary manslaughter; that based on the doctrine of merger and section 654, it was improper for the trial court to impose a firearm enhancement under section 12022.53, subdivision (d); and the trial court should have stricken the firearm enhancement findings made under section 12022.53, subdivisions (c) and (d). We affirm the judgment. In the published portion of the opinion we hold that neither the "merger doctrine" established in *People v. Ireland* (1969) 70 Cal.2d 522, 538–540 [75 Cal.Rptr. 188, 450 P.2d 580] (*Ireland*) (a felony-murder rule should not be applied when the only underlying felony committed by the defendant was assault) nor section 654 (a person committing an offense punishable by multiple laws can only be punished under the one providing the longest sentence) precludes enhanced punishment for firearm use under section 12022.53, subdivision (d).

## II. FACTUAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III. DISCUSSION*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 2. *Enhanced punishment under section 12022.53, subdivision (d)*

The trial court sentenced defendant Sheppard to a consecutive 25-year-to-life term under section 12022.53, subdivision (d)[5] because of his use of a firearm. Defendant Sheppard argues that because the elements of the offense for establishing premeditated and deliberate first degree murder necessarily included an intent to kill, enhanced punishment under section 12022.53, subdivision (d), which requires the discharge of a firearm causing great bodily injury or death, is precluded under the doctrine of merger and under section 654.

---

*See footnote, *ante*, page 1371.

[5] Section 12022.53, subdivision (d) provides as follows: "Notwithstanding any other provision of law, any person who is convicted of a felony specified in subdivision (a), Section 246, or subdivision (c) or (d) of Section 12034, and who in the commission of that felony intentionally and personally discharges a firearm and proximately causes great bodily injury, as defined in Section 12022.7, or death, to any person other than an accomplice, shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life."

In *Ireland, supra,* 70 Cal.2d 522, the California Supreme Court established the merger doctrine upon which Sheppard relies. In *Ireland,* defendant shot and killed his wife. The jury was instructed that it could find defendant guilty of second degree felony murder based on the underlying felony of assault with a deadly weapon. (*Id.* at p. 538.) The Supreme Court held that the felony-murder rule could not be applied when the only underlying or predicate felony the defendant committed was assault, because the assault is an integral part of the homicide. To hold otherwise would relieve the prosecution in most homicide cases of the need to prove malice, as most homicide cases involve assault. (*Id.* at p. 539.) "This kind of bootstrapping finds support neither in logic nor in law. We therefore hold that a second degree felony-murder instruction may not properly be given when it is based upon a felony which is an integral part of the homicide and which the evidence produced by the prosecution shows to be an offense included *in fact* within the offense charged." (*Ibid.*) Thus, the felony of assault "merged" into the resulting homicide. This principle is referred to as the "merger doctrine" (*People v. Hansen* (1994) 9 Cal.4th 300, 311 [36 Cal.Rptr.2d 609, 885 P.2d 1022] (*Hansen*)), even though the court in *Ireland* stated, "Although we are not at this time prepared to say that the limitation which we have above articulated, when applied to fact situations not now before us, will come to assume the exact outlines and proportions of the so-called 'merger' doctrine enunciated in … other jurisdictions, we believe that the reasoning underlying that doctrine is basically sound and should be applied to the extent that it is consistent with the laws and policies of this state." (*Ireland,* at p. 540, fn. omitted.)

This merger doctrine has not been applied other than in the context of felony murder and assault. (*Hansen, supra,* 9 Cal.4th at p. 312; *People v. Sanders* (1990) 51 Cal.3d 471, 509, 517 [273 Cal.Rptr. 537, 797 P.2d 561] [error to instruct the jury that it could convict defendant of first degree murder if it found the killing occurred during a burglary in which defendant's intent was to commit an assault]; *People v. Garrison* (1989) 47 Cal.3d 746, 778 [254 Cal.Rptr. 257, 765 P.2d 419] [an unlawful entry with the specific intent to commit murder cannot support a felony-murder conviction under the doctrine of merger].) Thus far, there is no authority extending the merger doctrine to enhancements. The California Supreme Court has ruled that the merger doctrine applies to "certain inherently dangerous felonies," and permits them to be used "as the predicate felony supporting application of the felony-murder rule" only when this "will not elevate all felonious assaults to murder or otherwise subvert the legislative intent." (*Hansen,* at p. 315; see also *Ireland, supra,* 70 Cal.2d at p. 539.) A sentence enhancement does not fit within this delineation of the merger doctrine.

Also, the trial court instructed the jury to find the firearm enhancements not true if it had a reasonable doubt that the allegations were true. Thus, the "bootstrapping" concern underlying the court's decision in *Ireland, supra,* 70 Cal.2d 522, is not present in the case of enhancements. In *Ireland,* the court was concerned about eliminating the prosecution's need to prove malice in homicide cases. But in the case of the firearm enhancement, the prosecution's burden is not reduced, as the conduct underlying the enhancement must be proven beyond a reasonable doubt. In the instant case, there was compliance with the holding of *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [147 L.Ed.2d 435, 120 S.Ct. 2348], which is that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Sheppard also invokes section 654,[6] which provides that a person committing an act punishable under separate laws may only be punished under the provision providing for the longest imprisonment, but not also under the other laws. Three Courts of Appeal have rejected Sheppard's argument that section 654 precludes enhancement of a sentence under section 12022.53, subdivision (d). (*People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1314 [109 Cal.Rptr.2d 643]; *People v. Myers* (1997) 59 Cal.App.4th 1523, 1529 [69 Cal.Rptr.2d 889]; *People v. Ross* (1994) 28 Cal.App.4th 1151, 1157–1159 [33 Cal.Rptr.2d 894].) "[S]ection 654 does not bar imposition of a single firearms use enhancement to an offense committed by the use of firearms, unless firearms use was a specific element of the offense itself. Indeed, where imposition of a firearms use enhancement is made *mandatory* notwithstanding other sentencing laws and statutes, it is *error* to apply section 654 to stay imposition of such an enhancement." (*People v. Hutchins,* at p. 1314.)

■ Therefore, neither the merger doctrine nor section 654 precludes imposition of the firearm enhancement under section 12022.53, subdivision (d).

3. *Jury's findings under section 12022.53, subdivisions (c) and (d)*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[6] Section 654 provides, in pertinent part, as follows: "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision …." The California Supreme Court has not yet addressed whether section 654 applies to enhancements. (*People v. Jones* (1993) 5 Cal.4th 1142, 1152 [22 Cal.Rptr.2d 753, 857 P.2d 1163].)

[*]See footnote, *ante,* page 1371.

## IV. DISPOSITION

The judgment is affirmed.

Turner, P. J., and Armstrong, J., concurred.

A petition for a rehearing was denied October 15, 2003, and appellants' petition for review by the Supreme Court was denied December 10, 2003.