[No. B163415. Second Dist., Div. Three. Oct. 26, 2004.]

MICHEL T. LEONTE et al., Plaintiffs and Appellants, v.
ACS STATE AND LOCAL SOLUTIONS, INC., Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rules 976(B) and 976.1, this opinion is certified for publication with the exception of part 3 of the Discussion.

COUNSEL

Trutanich • Michel, Don B. Kates and C. D. Michel for Plaintiffs and Appellants.

Milberg Weiss Bershad Hynes & Lerach, John J. Stoia, Jr., Timothy G. Blood, Kevin K. Green, Helen I. Zeldes; Eugene G. Iredale; Douglas S. Gilliland; Law Offices of Arthur F. Tait III, Arthur F. Tait III; Sullivan, Hill, Lewin, Rez & Engel, Brian L. Burchett; Wingert Grebing Brubaker & Ryan, Charles R. Grebing; Front Line Law Group, Michael J. Fremont and Joseph Adelizzi for Red Light Photo Enforcement Cases as Amici Curiae on behalf of Plaintiffs and Appellants.

O'Melveny & Myers, B. Boyd Hight, Kenneth R. O'Rourke and Ryan J. Padden for Defendant and Respondent.

OPINION

**KITCHING, J.**—Michel T. Leonte and Richard H. Best (collectively Leonte) sued ACS State and Local Solutions, Inc. (ACS), under the unfair competition law (Bus. & Prof. Code, § 17200 et seq.) alleging that ACS operated automated traffic enforcement systems in violation of former Vehicle Code section 21455.5. Former section 21455.5, subdivision (a), stated, "Only a governmental agency, in cooperation with a law enforcement agency, may operate an automated enforcement system." The superior court sustained a demurrer to the complaint without leave to amend. The principal question on appeal is the meaning of the quoted language as used in the former statute. We conclude that the quoted statutory language required only that a governmental agency retain the right to oversee and control the functioning of the system. We conclude that the complaint does not properly allege a violation of former section 21455.5 and therefore does not allege an unlawful business practice under the unfair competition law.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. Factual Background

The complaint alleges as follows.

ACS entered into contracts with several cities, counties, and public agencies, including the City of West Hollywood, to operate automated traffic enforcement systems. The systems are designed to photograph vehicles that enter an intersection after the traffic signal has turned red.

ACS provides, installs, maintains, and calibrates the equipment. ACS retrieves exposed film from mounted cameras, analyzes the photographs, selects those that show a traffic violation, contacts the Department of Motor Vehicles to obtain confidential information concerning the vehicles' registration, and prepares traffic citations. ACS then obtains the signature of a law enforcement official on the citations and mails the citations to the registered owners.

ACS makes the photographs available to the alleged violators upon their request. If the alleged violator contests the citation, ACS prepares evidence for use in court, including, in addition to the photographs, a calculation of the vehicle's location when the light turned red. ACS also provides expert witnesses to testify in court and trains police officers to testify. ACS receives a fee from the city for each paid citation in addition to a monthly fee.

The City of West Hollywood performs none of these tasks and is not directly involved in the operation of the automated traffic enforcement systems. No governmental agency is directly involved in the operation of the systems. The same is true of ACS's services performed for other municipalities.

### 2. Trial Court Proceedings

Leonte sued ACS. The second amended complaint alleges one count against ACS for violation of the unfair competition law and two counts against the City of West Hollywood based on unlawful expenditure of public funds. The complaint seeks both restitution and injunctive relief against ACS (see Bus. & Prof. Code, § 17203).

ACS demurred to the complaint arguing, inter alia, that Vehicle Code sections 21455.5 and 21455.6 authorize a city to hire an automated traffic enforcement system contractor, so ACS's conduct was not unlawful. The City of West Hollywood also demurred to the complaint.

The superior court sustained ACS's demurrer without leave to amend. The court overruled the demurrer by the City of West Hollywood. This appeal concerns only the unfair competition claim against ACS.

### 3. *Statutory Amendments*

The Legislature amended Vehicle Code sections 21455.5 and 21455.6 while this appeal was pending. (Stats. 2003, ch. 511, §§ 1 & 2.) The amendments became effective on January 1, 2004. (Cal. Const., art. IV, § 8, subd. (c)(1).) Our opinion addresses only ACS's potential liability under the unfair competition law based on an alleged violation of former section 21455.5, and does not address any claim for relief based on the amended statute.

## CONTENTIONS

Leonte's principal contention is that former Vehicle Code section 21455.5 prohibited the operation of an automated traffic enforcement system by a private contractor in the manner alleged in the complaint.

## DISCUSSION

### 1. *Standard of Review*

■ On appeal from a judgment after a demurrer is sustained without leave to amend, we assume the truth of the facts alleged in the complaint, facts that reasonably can be inferred from those expressly pleaded, and facts of which judicial notice can be taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [6 Cal.Rptr.3d 457, 79 P.3d 569].) We liberally construe the complaint to achieve substantial justice between the parties. (Code Civ. Proc., § 452.) In so doing, we construe the complaint in a reasonable manner and read the allegations in context. (*Schifando*, at p. 1081.) We determine de novo whether the complaint states facts sufficient to state a cause of action and whether the complaint or matters that are judicially noticeable disclose a complete defense. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189]; *Cochran v. Cochran* (1997) 56 Cal.App.4th 1115, 1120 [66 Cal.Rptr.2d 337].) We affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].)

2. *The Complaint Does Not Properly Allege a Violation of Former Vehicle Code Section 21455.5*

Former Vehicle Code section 21455.5 (Stats. 2001, ch. 496, § 1) authorized the use of automated traffic enforcement systems at intersections where drivers are required to stop.[1] Subdivision (a) of the statute stated in part, *"Only a governmental agency, in cooperation with a law enforcement agency, may operate an automated enforcement system."* (Stats. 2001, ch. 496, § 1, italics added.) Former Vehicle Code section 21455.6, subdivision (a), stated in part that before "entering into a contract for the use of those systems," a city council or county board of supervisors must conduct a public hearing on the proposed use.[2] The parties dispute the meaning of the italicized language and particularly the meaning of the word "operate," which former Vehicle Code section 21455.5 did not define.

 Our task in construing a statute is to ascertain and give effect to the Legislature's intent. (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129].) We begin by examining the words of the statute, giving them their usual and ordinary meaning and construing them in

---

[1] Former Vehicle Code section 21455.5 (Stats. 2001, ch. 496, § 1) stated in full:

"(a) The limit line, the intersection, or other places designated in Section 21455 where a driver is required to stop may be equipped with an automated enforcement system if the system meets both of the following requirements: (1) the system is identified by signs, clearly indicating the system's presence, visible to traffic approaching from all directions, or if signs are posted at all major entrances to the city, including, at a minimum, freeways, bridges, and state highway routes, and (2) the system is located at an intersection that meets the criteria specified in Section 21455.7.

"Any city utilizing an automated traffic enforcement system at intersections shall, prior to issuing citations, commence a program to issue only warning notices for 30 days. The local jurisdiction shall also make a public announcement of the automated traffic enforcement system at least 30 days prior to the commencement of the enforcement program.

*"Only a governmental agency, in cooperation with a law enforcement agency, may operate an automated enforcement system.*

"(b)(1) Notwithstanding Section 6253 of the Government Code, or any other provision of law, photographic records made by an automated enforcement system shall be confidential, and shall be made available only to governmental agencies and law enforcement agencies for the purposes of this article.

"(2) For purposes of this article only, any confidential information obtained from the Department of Motor Vehicles for the administration or enforcement of this article shall be held confidential, and may not be used for any other purpose.

"(c) Notwithstanding subdivision (b), the registered owner or any individual identified by the registered owner as the driver of the vehicle at the time of the alleged violation shall be permitted to review the photographic evidence of the alleged violation." (Italics added.)

[2] Former Vehicle Code section 21455.6 (Stats. 2000, ch. 860, § 8) stated in full:

"(a) A city council or county board of supervisors shall conduct a public hearing on the proposed use of automated enforcement systems authorized pursuant to Section 21455.5 prior to that city or county entering into a contract for the use of those systems.

"(b) The authorization in Section 21455.5 to use automated enforcement systems does not authorize the use of photo radar for speed enforcement purposes by any jurisdiction."

the context of the statute as a whole. (*People v. Garcia* (2002) 28 Cal.4th 1166, 1172 [124 Cal.Rptr.2d 464, 52 P.3d 648]; *Murphy*, at p. 142.) If the plain language of the statute is unambiguous and does not involve an absurdity, the plain meaning governs. (*Garcia*, at p. 1172; *People v. Ledesma* (1997) 16 Cal.4th 90, 95 [65 Cal.Rptr.2d 610, 939 P.2d 1310].) If the statute is ambiguous, the court may consider a variety of extrinsic aids, including the apparent purpose of the statute. (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 776 [72 Cal.Rptr.2d 624, 952 P.2d 641].)

■ Former Vehicle Code section 21455.5 did not define the term "operate." The term could encompass a wide array of tasks in connection with an automated traffic enforcement system, ranging from tasks relating to the daily functioning of the system to the broader power to oversee and control the functioning of the system. The former statute did not indicate whether a governmental agency in cooperation with a law enforcement agency must perform all of the tasks associated with an automated enforcement system, may perform only some of those tasks, or need only retain a broader supervisory power. The legislative history does not illuminate this point. That omission is particularly notable in light of the reference in former Vehicle Code section 21455.6, subdivision (a), to a "city or county entering into a contract for the use of those systems." We construe this provision as a legislative recognition that a local governmental agency may contract with another entity to assist in some aspects of the operation of an automated traffic enforcement system.

■ We believe that the statutory purpose of authorizing the use of automated traffic enforcement systems is best served by a construction of "operate" that allows a governmental agency to hire private contractors to perform a broad range of functions. We therefore conclude that former Vehicle Code section 21455.5 did not prohibit a governmental agency from hiring a private company to perform functions in connection with the operation of an automated traffic enforcement system provided that the governmental agency retained the right to oversee and control the functioning of the system and thereby ultimately was the system operator.[3] A governmental agency retains the right to oversee and control the functioning of the system if it retains the right to ensure satisfactory performance through such means as the right to inspect, the right to make suggestions as to the details of the contractor's performance, and the right to terminate the contract. (Cf. *McDonald v. Shell Oil Co.* (1955) 44 Cal.2d 785, 790 [285 P.2d 902].)

---

[3] Current Vehicle Code section 21455.5, as amended in 2003, contains a detailed definition of the term "operate" and specifically states that a governmental agency generally may contract out activities included within the definition of the term "operate" provided that the agency "maintains overall control and supervision of the system." (Veh. Code, § 21455.5, subds. (c), (d).)

■ The complaint alleges that ACS performs all of the tasks in connection with the functional operation of automated traffic enforcement systems, that the City of West Hollywood does not directly operate the systems, and that the city "has no involvement whatsoever with the operation" of the systems. The contract attached to the complaint, however, shows that the city retains the right to "monitor, evaluate, and provide guidance to the CONTRACTOR in the performance of" the contract, and "the right of access to all activities and facilities operated by the CONTRACTOR under this Agreement" and to "all files, records, and other documents related to the performance of this Agreement." The contract requires ACS to provide the city monthly reports providing information on all violations recorded by the system, camera malfunctions, court hearings, and other matters, and requires ACS to maintain a database of information concerning each violation, including whether a citation was issued and, if not, why not. The contract also requires ACS to ensure compliance with all applicable laws. The contract provides that either party may terminate the contract without cause upon 30 days' written notice, and that the city may terminate the contract with cause if ACS breaches the contract and fails to remedy the breach within 30 days after receiving written notice. We conclude that these provisions show, contrary to the allegations of the complaint, that the city retains the right to oversee and control the functioning of the systems and therefore operates the systems within the meaning of former Vehicle Code section 21455.5. We therefore conclude that the complaint does not properly allege a violation of former Vehicle Code section 21455.5.

3. *The Complaint Does Not Adequately Allege an Unfair Business Practice**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 521.

## *DISPOSITION*

The judgment is affirmed. ACS is entitled to costs on appeal.

Klein, P. J., and Aldrich, J., concurred.

A petition for a rehearing was denied November 17, 2004, and appellants' petition for review by the Supreme Court was denied January 19, 2005.