Filed 12/22/15  P. v. Garcia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICHARD MIGUEL GARCIA,<br><br>    Defendant and Appellant. | F068603<br><br>(Tulare Super. Ct.<br>No. VCF226445C)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Peggy A. Headley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Levy, Acting P.J., Kane, J. and Poochigian, J.

## INTRODUCTION

Appellant/defendant Richard Miguel Garcia was convicted of conspiracy to commit murder (Pen. Code, §§ 182, subd. (a)(1), 187, subd. (a)),[1] and second degree murder as an aider and abettor. As to both counts, the jury found the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)), and that a principal (not defendant) personally and intentionally discharged a firearm which proximately caused death (§ 12022.53, subds.(d) & (e)(1)). He was sentenced to an indeterminate life term.

In his first appeal, we reversed the conspiracy conviction for instructional error, rejected his challenges to his second degree murder conviction, and noted a sentencing error. We remanded for the People to determine if he would be retried for conspiracy and, in the alternative, for resentencing. On remand, the People decided not to retry him. As discussed in detail below, the court sentenced defendant to 15 years to life for second degree murder, plus 25 years to life for the firearm enhancement, for an aggregate term of 40 years to life. The court stayed imposition of the term for the gang enhancement.

In this second appeal, defendant challenges the court's orders at the resentencing hearing. He contends firearm enhancement should have been stayed and the gang enhancement was improperly imposed. We will correct the abstract of judgment and otherwise affirm.

## FACTS[2]

On the evening of August 28, 2009, defendant, "a member of the Norteno gang, was a passenger in a vehicle with three friends who were also Norteno gang members.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On May 28, 2014, this court granted defendant's request to take judicial notice of the appellate record and opinion in his first appeal, *People v. Richard Miguel Garcia*, case No. F062834. We rely on that record for the factual and procedural history of this case.

They had spent several hours at a cemetery, drinking beer and mourning the death of a relative who had been killed by a rival Sureno gang member. As they drove through Orosi, they saw two men walking on the street who were wearing blue, the color claimed by the rival gang. One of the vehicle's passengers shot and killed one of the men; defendant was not the gunman. At trial, the prosecution's gang expert testified the homicide was part of the deadly turf battle between the two gangs in the Cutler-Orosi area." (*People v. Garcia* (June 27, 2013, F062834), p. 2 [nonpub. opn.].)

"Defendant was charged and convicted of count I, conspiracy to commit murder ([] §§ 182, subd. (a)(1), 187, subd. (a)). In count II, he was found not guilty of the charged offense of first degree murder, and convicted of the lesser included offense of second degree murder as an aider and abettor." (*People v. Garcia*, *supra*, F062834, at p. 2, fn. omitted.) As to all counts, the jury found the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)), and that a principal (not defendant) personally and intentionally discharged a firearm which proximately caused death (§ 12022.53, subds. (d) & (e)(1)). (*People v. Garcia*, *supra*, F062834, at pp. 2, 11, 20.)

**<u>Sentencing</u>**

At the sentencing hearing, the court imposed the indeterminate term of 25 years to life for count I, conspiracy to commit murder, plus 25 years to life for the firearm enhancement, for a total of 50 years to life. (*People v. Garcia*, *supra*, F062834, at pp. 2, 20, 51.)

As to count II, second degree murder, the court imposed the following sentence:

> " '[T]he indeterminate term of 40 years to life *plus, an additional consecutive 25 years to life* pursuant to Section 12022.53(d), *for a total* of 40 years to life....' " (*People v. Garcia*, *supra*, F062834, at p. 51, italics in original.)

"After brief argument from the parties, the court decided to stay the sentence for count II pursuant to section 654, instead of imposing a concurrent term. [¶] The minute

order states that the sentence for count II was 40 years to life plus 25 years to life. The abstract of judgment states the sentence for count I was 25 years to life, plus 25 years to life for the firearm enhancement. As to count II, the abstract simply states the sentence was stayed pursuant to section 654." (*People v. Garcia*, *supra*, F062834, at p. 52.)

**The First Appeal**

On appeal (F062834), we reversed defendant's conviction for conspiracy to commit murder based on prejudicial instructional error. (*People v. Garcia*, *supra*, F062834, at pp. 26–28.) We found defendant's conspiracy conviction was supported by substantial evidence, however, and remanded the matter for the People to determine whether defendant would be retried for that charge. (*Id*. at pp. 28–32.)

We rejected defendant's other issues and affirmed his conviction for count II, second degree murder. We agreed with defendant that the court's sentence for count II was erroneous. (*People v. Garcia*, *supra*, F062834, at p. 52.)

> "As defendant correctly notes, the term for second degree murder is 15 years to life. (§ 190, subd. (a).) The term for the section 12022.53, subdivision (d) firearm enhancement is 25 years to life. (§ 12022.53, subd. (d).) Thus, the correct term for count II should have been 15 years to life, plus 25 years to life, for a total of 40 years to life. When the court imposed the sentence for count II, it erroneously stated that the sentence was 40 years to life, and also that the sentence was 40 years plus 25 years to life.

> "Given our reversal of count I based on instructional error, the matter must be remanded for a determination of whether defendant will be retried for count I. If defendant is not retried for count I, then the court must correct the abstract of judgment to strike the conviction and sentence for count I, and further reflect that defendant was sentenced to 15 years to life for count II, plus 25 years to life for the firearm enhancement, for an aggregate term of 40 years to life. The court must also lift the stay originally imposed for count II." (*Ibid.*)

In the disposition, we reversed defendant's conviction for conspiracy, and ordered the abstract of judgment corrected "to reflect that defendant's sentence for count II is 15 years to life plus 25 years to life for the firearm enhancement, for an aggregate term of 40

4.

years to life.  [¶]  If defendant is not retried for count I, the court is ordered to life the stay originally imposed for count II." (*People v. Garcia*, *supra*, F062834, at pp. 52–53.)

**Remand and Resentencing**

On December 11, 2013, the superior court convened the hearing on remand.  The prosecutor stated that defendant would not be retried for conspiracy.  The prosecutor requested the court to sentence defendant to 15 years to life for second degree murder, plus 25 years to life for the firearm enhancement, for a total of 40 years to life.  (CT 13, 9)

Defense counsel objected and argued section 654 prohibited imposing terms for both second degree murder and the firearm enhancement since the murder was committed with a gun.  Counsel also argued that imposing the indeterminate term for the firearm enhancement would be cruel and unusual punishment since defendant was not the gunman and merely convicted as an aider and abettor.  In the alternative, counsel asked the court to strike the gang and firearm enhancements which were the basis for the additional indeterminate term.  (CT 13-15)

The court denied defendant's motions and sentenced him to 15 years to life for second degree murder, plus 25 years to life for the firearm enhancement, for an aggregate term of 40 years to life.  The court stayed imposition of the term for the gang enhancement.  (CT 9, 15-20)

On December 18, 2013, defendant timely filed a notice of appeal to challenge the sentence imposed on remand (F068603).

**DISCUSSION**

**I.**      **Defendant Was Properly Sentenced for the Firearm Enhancement**

Defendant contends the court improperly sentenced him to 15 years to life for second degree murder plus a consecutive term of 25 years to life for the firearm enhancement.  Defendant argues the court should have stayed the term for the section 12022.53 firearm enhancement pursuant to section 654 because the firearm was used to

5.

commit the murder, he was not the gunman, and he was only convicted as an aider and abettor. (AOB 4)

**A. <u>Section 12022.53 and Aiders and Abettors</u>**

Section 12022.53 establishes mandatory sentence enhancements for persons convicted of specified felonies, including murder, who discharge a firearm in the commission of the offense. (§ 12022.53, subds.(b)−(e).) Subdivision (d) of section 12022.53 mandates a consecutive enhancement of 25 years to life for any person who personally and intentionally discharges a firearm causing death in the commission of one of the specified felonies. Subdivision (e)(1) imposes vicarious liability on an aider or abettor who committed the specified offense for the benefit of, at the direction of, or in association with a criminal street gang. (*People v. Garcia* (2002) 28 Cal.4th 1166, 1171.)

Section 12022.53, subdivisions (d) and (e)(1), read together, require the imposition of a consecutive sentence enhancement of 25 years to life when a defendant is convicted of a murder committed for the benefit of a criminal street gang, and *any principal* in the offense " 'personally and intentionally discharges a firearm' " that causes death to any person other than an accomplice. (*People v. Hernandez* (2005) 134 Cal.App.4th 474, 480.)

In order to find an aider and abettor subject to the sentence enhancements of section 12022.53, the aider and abettor must be convicted of the underlying offense (i.e., murder), and the gang enhancement found true. There is no requirement that the principal who intentionally and personally discharged the firearm must be convicted of the offense. (*People v. Garcia, supra,* 28 Cal.4th at p. 1174.)

**B. <u>Section 654</u>**

In *People v. Hutchins* (2001) 90 Cal.App.4th 1308 (*Hutchins*), the court rejected the application of section 654 to a section 12022.53, subdivision (d) enhancement, in a case where the defendant committed a murder using a gun. The defendant argued that the trial court punished him twice for firing the shots that killed the victim by sentencing him

6.

to 15 years to life for second degree murder plus 25 years to life for the section 12022.53, subdivision (d) firearm enhancement. *Hutchins* rejected the defendant's argument that imposition of the firearm enhancement violated section 654. "Clearly, in enacting this provision the Legislature intended to *mandate* the imposition of substantially increased penalties where one of a number of crimes, including homicide, was committed by the use of a firearm. In so doing, the express language of the statute indicates the Legislature's intent that section 654 *not apply* to suspend or stay execution or imposition of such enhanced penalties…." (*Hutchins*, *supra*, at p. 1313, italics in original.) Thus, "where imposition of a firearms use enhancement is made *mandatory* notwithstanding other sentencing laws and statutes, it is *error* to apply section 654 to stay imposition of such an enhancement. [Citations.]" (*Id.* at p. 1314, italics in original; see also *People v. Sanders* (2003) 111 Cal.App.4th 1371, 1375.)

In *People v. Palacios* (2007) 41 Cal.4th 720, the court cited *Hutchins* with approval, noted that the Legislature mandated that section 12022.53 enhancements "shall be imposed '[n]otwithstanding any other provision of law,' " and held that "in enacting section 12022.53, the Legislature made clear that it intended to create a sentencing scheme *unfettered by section 654.*" (*Palacios*, *supra*, at pp. 728, 733, italics added.) "Nothing in the statute suggests the Legislature intended to override section 654 as to some applications of section 12022.53, but not others." (*Id*. at p. 733.)

### C. Analysis

Defendant argues section 654 may be applied to his case, and the reasoning in *Palacios* and *Hutchins* is inapplicable to these facts, because he was not the gunman, he did not personally use or discharge the firearm, and the enhancement was imposed based on his liability as an aider and abettor pursuant to section 12022.53, subdivision (e)(1). (AOB 6) This is a distinction without a difference. As explained above, the firearm enhancement was pleaded and proved pursuant to section 12022.53, subdivisions (d) *and* (e)(1). Section 12022.53, subdivision (d) mandates a consecutive term of 25 years to life

7.

if a person convicted of an enumerated felony "intentionally and personally discharged a firearm and proximately caused great bodily injury ... or death ...."  "Section 12022.53, subdivision (e)(1), imposes vicarious liability under this section *on aiders and abettors who commit crimes in participation of a criminal street gang*.  [Citation.]"  (*People v. Garcia*, *supra*, 28 Cal.4th at p. 1171, italics added.)

"Under this sentencing regime an aider and abettor who is found guilty of murder is subject to the 25 years to life enhancement even though he or she did not personally and intentionally discharge a firearm causing death if the murder was committed for the benefit of a criminal street gang and 'any principal' in the offense personally and intentionally discharged a firearm causing death."  (*People v. Hernandez*, *supra*, 134 Cal.App.4th at p. 480, fn. omitted.)

The imposition of the indeterminate enhancement on a defendant convicted as an aider and abettor to a murder committed for the benefit of a criminal street gang, pursuant to section 12022.53, subdivision (e), does not violate the defendant's equal protection or due process rights, or constitute cruel and/or unusual punishment.  (*People v. Gonzales* (2001) 87 Cal.App.4th 1, 12–18; *People v. Hernandez*, *supra*, 134 Cal.App.4th at pp. 480–483.)

We conclude the court properly imposed the consecutive term of 25 years to life pursuant to section 12022.53, subdivisions (d) and (e)(1), and section 654 was not applicable.

## II.     Correction of Abstract of Judgment

Defendant contends, and the People conceded at oral argument, that he should have been sentenced to a 15-year minimum parole eligibility term for the gang enhancement pursuant to section 186.22, subdivision (b)(5), and that term must be stayed.  (*People v. Valenzuela* (2011) 199 Cal.App.4th 1214, 1238.)

We further note that the abstract of judgment must be modified as follows.  At the resentencing hearing, the court did not expressly state a term for the gang enhancement,

except to impose and stay it pursuant to section 186.22, subdivision (b)(1)(C). Section 186.22, subdivision (b)(1)(C) states that if the defendant's underlying conviction was for a "violent felony," the punishment is an additional 10 years. Defendant's conviction for second degree murder was clearly a "violent felony." (§ 667.5, subd. (c)(1).)

However, section 186.22, subdivision (b)(5) states that any person who commits a felony for the benefit of a gang that is punishable by life imprisonment "shall not be paroled until a minimum of 15 calendar years have been served." Defendant's conviction for second degree murder resulted in a term of 15 years to life, and the jury found the offense was committed for the benefit of a criminal street gang. Thus, section 186.22, subdivision (b)(5) controls over subdivision (b)(1)(C).

## DISPOSITION

The abstract of judgment is modified to delete the reference to section 186.22, subdivision (b)(1)(C), and to state that the section 186.22, subdivision (b)(5) gang enhancement is stayed. The trial court is directed to forward copies of the amended abstract of judgment to all appropriate agencies.

In all other respects, the judgment is affirmed.