Filed 12/21/23  P. v. Ohlinger CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081007 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVI19002547) |
| WILLIAM DEXTER OHLINGER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Michael A. Smith, Judge.  Reversed in part and remanded with instructions.

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

After a jury convicted William Dexter Ohlinger of multiple felonies and enhancements, the trial court initially sentenced him to 22 years in prison.

The sentence included gang enhancements (Pen. Code,[1] § 186.22, subd. (b)) and a 10-year gang-related firearm enhancement based on the jury's finding that a principal personally used a firearm in the commission of a robbery charged in count 18 (§ 12022.53, subds. (b) & (e)(1)).  In Ohlinger's prior appeal from the original judgment, we reversed the jury's true findings on all of the section 186.22 gang enhancements, including for the robbery count (count 18).  (*People v. Ohlinger* (May 27, 2022, D078839) [nonpub. opn.].)  However, we did not vacate the related firearm enhancement attached to that count under section 12022.53, subdivision (e)(1), which was contingent on the gang enhancement true findings under section 186.22.  On remand, the People chose not to retry the gang enhancements, and at Ohlinger's resentencing hearing, the court imposed a new sentence for count 18.  The court also re-imposed the 10-year gang-related firearm enhancement for count 18 under section 12022.53, subdivision (e)(1).

On appeal, Ohlinger contends that: (1) the firearm enhancement must be stricken because imposing the enhancement was unauthorized by law once the gang enhancement true findings were vacated; and (2) the matter must be remanded because the trial court was unaware that Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to limit its discretion to impose multiple enhancements.

The People concede that the gang-related firearm enhancement must be stricken, and that on remand the trial court may consider Senate Bill No. 81's revisions to section 1385.  The People argue, however, that they should be allowed to retry the firearm allegation under subdivision (b) of section 12022.53, which authorizes a 10-year sentence enhancement for a

---

[1]    All further statutory references are to the Penal Code unless otherwise noted.

2

person who "personally uses a firearm" in commission of the attendant felony. In supplemental briefing, Ohlinger contends that allowing the People to retry the firearm enhancement on an uncharged factual theory that Ohlinger *personally* used a firearm would violate his statutory and due process rights to fair notice of the specific sentencing allegations. He also argues that principles of forfeiture, waiver, and estoppel preclude the People from retrying the enhancement. Lastly, he concedes that the trial court would have discretion on remand to impose a similar, but lesser vicarious arming enhancement under section 12022, subdivision (a)(1), based on findings already made by the jury as to section 12022.53, subdivision (e)(1).

We agree with the parties that we must strike the firearm enhancement for a principal in a gang-related crime personally using a firearm (§ 12022.53, subd. (e)(1)), and that the trial court may consider revised section 1385 on remand. We conclude, however, that on remand the People cannot retry the firearm enhancement on an uncharged personal use theory under section 12022.53, subdivision (b), because doing so would violate Ohlinger's statutory and due process right to fair notice of the specific enhancement allegations and the supporting facts. We also conclude that principles of forfeiture and waiver preclude the People from asserting an uncharged subdivision (b) personal use enhancement for the first time on remand.[2] Lastly, we conclude that the court has discretion on remand to impose a lesser vicarious arming enhancement under section 12022, subdivision (a)(1), based on the findings already made by the jury as to

---

[2]    The People argue in their brief that double jeopardy does not bar a retrial of the personal use firearm enhancement. Because we conclude that retrial is precluded on other grounds, we need not reach the question of whether double jeopardy also bars a retrial of the enhancement.

section 12022.53, subdivision (e)(1). Accordingly, we reverse in part and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts in this case are summarized in our prior opinion. As relevant here, a jury convicted Ohlinger of 19 felonies committed between April and September 2019, including robbery of a marijuana grow house on September 19. (See *People v. Ohlinger*, *supra*, D078839.) The jury also found that Ohlinger committed the robbery and some of the other crimes for the benefit of, at the direction of, or in association with a criminal street gang. (§ 186.22, subd. (b).)[3] It also found that a principal in the commission of the robbery personally used a firearm. (§ 12022.53, subd. (e)(1).)

In 2020, the trial court sentenced Ohlinger to 22 years in prison. His sentence included an upper term of five years for second degree robbery (§ 211, count 18), plus a 10-year term for the gang-related firearm enhancement arising out of a principal's use of a firearm (§ 12022.53, subds. (b) & (e)(1); § 186.22). Together, section 12022.53, subdivisions (b) and (e)(1) provide that a 10-year enhancement applies when the defendant is a principal in the commission of certain felonies, the defendant violated the gang enhancement provision of section 186.22, subdivision (b), and *any* principal personally used a firearm in committing the offense. (See § 12022.53, subds. (a), (b), & (e)(1).) In other words, a firearm enhancement

---

3       Section 186.22, subdivision (b), provides in relevant part that "a person who is convicted of a felony committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which the person has been convicted, be punished" with additional terms depending on the nature of the felony and the court's discretion. (§ 186.22, subds. (b)(1)-(b)(5).)

4

under section 12022.53, subdivision (e)(1) imposes "vicarious liability" for another's personal use of a firearm "on aiders and abettors who commit crimes in participation [with] a criminal street gang." (*People v. Garcia* (2002) 28 Cal.4th 1166, 1171.)

Ohlinger appealed the judgment, and because of changes in the law, we reversed the jury's true findings on the section 186.22, subdivision (b) gang enhancements, including for count 18. This court did not, however, vacate the section 12022.53, subdivision (e)(1) firearm enhancement attached to that count, which was contingent on the gang enhancement true findings under section 186.22. We vacated Ohlinger's sentence for count 18 and directed the trial court to resentence Ohlinger. We also directed the trial court to give the People the opportunity to retry the section 186.22 gang enhancements in accordance with newly enacted legislation. (*People v. Ohlinger*, *supra*, D078839.)

The People chose not to retry the section 186.22 gang enhancements. At Ohlinger's resentencing hearing in 2022, the court imposed the middle term of three years for his second degree robbery conviction (§ 211, count 18) instead of the former five-year upper term. The court also re-imposed the attendant 10-year firearm enhancement under section 12022.53, subdivision (e)(1), after "looking at the totality of the circumstances" and considering that "firearms were brandished and used to compel compliance" during the robbery.

Ohlinger timely appealed.

## DISCUSSION

### I

The parties agree that the section 12022.53, subdivision (e)(1) gang-related firearm enhancement must be reversed, and the case remanded for

another resentencing.  We agree with the parties and accept the People's concession on this point because "the firearm enhancement alleged under section 12022.53, subdivision (e)(1), is contingent on a true finding on the gang enhancement under section 186.22," which we reversed in the prior appeal and the People chose not to retry.  (*People v. Cooper* (2023) 14 Cal.5th 735, 746.)  The trial court dismissed the section 186.22 gang enhancements in accordance with this court's prior opinion, and thus there is no longer a lawful basis for imposing the gang-related section 12022.53, subdivision (e)(1) firearm enhancement.  (See *People v. Scott* (1994) 9 Cal.4th 331, 354 ["[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case."].)  Accordingly, we must reverse the jury's true finding on the gang-related firearm enhancement.

We turn next to whether the People should be allowed to retry Ohlinger to impose a standalone 10-year firearm enhancement on a personal use theory under section 12022.53, subdivision (b).  We conclude that the prosecution is barred for two independent reasons: (1) doing so would violate Ohlinger's statutory and due process rights to fair notice of the specific enhancement allegations and supporting facts; and (2) principles of forfeiture and waiver preclude the People from alleging the subdivision (b) personal use enhancement for the first time on remand.

*A. Statutory and Due Process Rights to Fair Notice*

Section 12022.53, subdivision (b), provides in relevant part that "a person who, in the commission of a felony" such as robbery, "*personally* uses a firearm, shall be punished by an additional and consecutive term of imprisonment . . . for 10 years."  (Italics added.)  As noted, section 12022.53, subdivision (e)(1), provides that the section's firearm enhancements "shall apply to any person who is a *principal* in the commission of an offense if both

6

of the following are pled and proved:  [¶]  (A) The person violated subdivision (b) of Section 186.22.  [¶]  (B) *Any principal* in the offense committed any act specified in subdivision (b), (c), or (d)."  (Italics added.)  Section 186.22, subdivision (b), contains criteria for imposing enhancements based on gang participation.  Thus, section 12022.53, subdivision (b), requires personal use of the firearm by the defendant himself, whereas subdivision (e) only requires that a principal in a gang-related crime personally use a firearm.

"As a rule, all sentence enhancements 'shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact.' " (*People v. Anderson* (2020) 9 Cal.5th 946, 953 (*Anderson*), quoting § 1170.1, subd. (e).)  Firearm enhancements are no exception.  "Another statutory pleading provision, specific to section 12022.53 enhancements, restates the same basic point:  For any of the firearm enhancements prescribed by section 12022.53 to apply, 'the existence of any fact required [by the relevant provision] shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact.' [Citations.]" (*Anderson*, at p. 953, quoting § 12022.53, subd. (j); see *People v. Garcia*, *supra*, 28 Cal.4th at p. 1175 [describing § 12022.53, subd. (j), as "simply a restatement of section 1170.1, subdivision (e)"].)

The People argue that the amended information in this case gave Ohlinger adequate notice that the prosecution would seek to impose a personal use firearm enhancement under section 12022.53, subdivision (b). We disagree.  Although the summary table in the amended information listed "PC12022.53(b)" for count 18, the substantive allegations for count 18 in the body of the charging document alleged only that Ohlinger and his co-defendant committed robbery, and "*a principal* personally used a firearm, a

7

handgun, within the meaning of Penal Code sections 12022.53(b) *and* (e)(1)."
(Italics added.)  The amended information thus only alleged a *vicarious*
section 12022.53 enhancement in connection with the gang participation
criteria included in subdivision (e)(1), with no allegation that Ohlinger
*personally* used a firearm.

The language of section 12022.53, subdivision (j), clearly states that for
a firearm enhancement under subdivision (b) to apply, the accusatory
pleading must allege "the existence of any fact required" by that subdivision
and it must be "either admitted by the defendant in open court or found to be
true by the trier of fact."  An essential fact required by subdivision (b) is that
the defendant must have personally used a firearm.  Yet nowhere did the
amended information allege that Ohlinger *himself* used a firearm in the
commission of a robbery, as required for a standalone subdivision (b)
enhancement.  Because the People did not comply with statutory pleading
requirements at the outset, we conclude they cannot now seek to impose the
personal use firearm enhancement for the first time on remand for
resentencing.

Moreover, beneath the statutory pleading requirements "lies a bedrock
principle of due process.  ' "No principle of procedural due process is more
clearly established than that notice of the specific charge, and a chance to be
heard in a trial of the issues raised by that charge, if desired, are among the
constitutional rights of every accused in a criminal proceeding in all courts,
state or federal." [Citations.]  "A criminal defendant must be given fair notice
of the charges against him in order that he may have a reasonable
opportunity properly to prepare a defense and avoid unfair surprise at trial." '
[Citation.]" (*Anderson, supra,* 9 Cal.5th at p. 953.)  This principle applies to
sentence enhancements as well as substantive offenses.  (*Ibid.*)  A defendant

8

has the "right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes." (*People v. Mancebo* (2002) 27 Cal.4th 735, 747.) Due process permits imposition of an uncharged sentence enhancement only if "the facts supporting its imposition are alleged and found true." (*People v. Tirado* (2022) 12 Cal.5th 688, 699 (*Tirado*).)

As noted, the People did not allege facts supporting a standalone personal use firearm enhancement apart from gang participation. Ohlinger only had fair notice that the People would seek to impose a vicarious gang-related firearm enhancement for a principal's personal use of a firearm, not for his own personal use of a firearm. If the amended information made clear that the prosecution would assert a factual theory to support a standalone section 12022.53, subdivision (b) enhancement for his own personal use, Ohlinger may have presented different or additional evidence at trial to defend against the allegation that he himself used a firearm in the commission of the robbery. But the charging document did not allege that fact, and the record shows Ohlinger never conceded it.

We therefore conclude that the People are precluded from retrying the personal use firearm enhancement under section 12022.53, subdivision (b), because doing so would violate Ohlinger's statutory and due process rights to fair notice of the specific sentence enhancement allegations and supporting facts.

### B. Forfeiture of Personal Use Firearm Enhancement

We also conclude that principles of forfeiture and waiver bar the People from retrying the firearm enhancement under an uncharged personal use theory under section 12022.53, subdivision (b). As noted, the People neither pled nor ensured jury findings for a personal use enhancement under

9

subdivision (b), despite having the opportunity to do so.  (See *People v. Botello* (2010) 183 Cal.App.4th 1014, 1028–1029 (*Botello*) ["the prosecution's failure to comply with the pleading requirements of subdivision (e)(1) constitutes a forfeiture of the right to rely on subdivision (e)(1) for the first time on appeal"].)  The People never sought to amend the information to allege personal use by Ohlinger under subdivision (b), nor did they argue that Ohlinger should be sentenced under that subdivision alone.  (*Botello*, at p. 1029.)

The People also do not contend that their failure to plead the standalone personal use firearm enhancement "was based on mistake or other excusable neglect."  (*Mancebo*, *supra*, 27 Cal.4th at p. 749.)  In fact, however, the amended information did expressly allege gang and "on-bail" enhancements as to count 18, as required by statute.  (§ 12022.53, subd. (e)(1) [enhancement applies if "pled and proved"]; § 12022.1, subd. (c) ["enhancement allegation provided in subdivision (b) shall be pleaded in the information or indictment"].)  "There can be little doubt that the prosecution understood" the pleading requirements "and knew how to comply with them." (*Mancebo*, at p. 749.)  We therefore treat the People's failure to include a standalone personal firearm use allegation in the amended information as a "discretionary charging decision[,]" which means that "the doctrines of waiver and estoppel" apply.  (*Ibid.*)

The People rely on cases involving post-conviction changes in the law to argue that forfeiture and waiver do not apply.  But those cases are distinguishable.  In *People v. Garcia* (1984) 36 Cal.3d 539 (*Garcia*), the Supreme Court reversed a jury's felony-murder special circumstance finding because while the appeal in *Garcia* was pending, the Court established a rule in *Carlos v. Superior Court* (1983) 35 Cal.3d 131 (*Carlos*) which changed

proof requirements for that special circumstance. (*Garcia*, at pp. 544–545.) The Court in *Garcia* found that because *Carlos* held that an actual killer had to act with intent to kill to be liable for a felony-murder special circumstance, the jury's finding in *Garcia* had to be reversed with permission for the prosecution to retry that *particular* circumstance. (*Garcia*, at pp. 557–558.)

In *People v. Chiu* (2014) 59 Cal.4th 155, the Supreme Court invalidated the defendant's first degree murder conviction after holding that an aider and abettor cannot be convicted of first degree premeditated murder under the natural and probable consequences doctrine. (*Id.* at pp. 158–159.) The Court allowed the People to retry the first degree murder charge under a valid direct aiding and abetting theory instead. (*Id.* at p. 168.) Similarly, *People v. Hola* (2022) 77 Cal.App.5th 362 (*Hola*) and *People v. Gutierrez* (2018) 20 Cal.App.5th 847 (*Gutierrez*) both involved juries finding defendants guilty based on theories later determined to be legally invalid. In both cases, the Courts of Appeal reversed the defendants' convictions and allowed the People to retry those *specific* charges on a valid theory of culpability. (*Hola*, at p. 377; *Gutierrez*, at p. 863.)

All of these cases involved situations where the People were allowed to retry the specific enhancement, charge, or finding that was *itself* invalidated on appeal due to post-conviction changes in the law. The People could seek retrial in those cases because the prosecution had not misinterpreted or failed to follow established law at the outset, and could not have anticipated the change in the law that occurred later. (See *Gutierrez*, *supra*, 20 Cal.App.5th at p. 858.) Here, however, there was no substantive change to section 12022.53, subdivision (b), during or after Ohlinger's trial. The Legislature did make changes to section 186.22, which also impacted section 12022.53, subdivision (e), and the People were given an opportunity to retry the specific

11

affected enhancements. But the requirements for pleading and proving a personal use firearm enhancement under 12022.53, subdivision (b), were well-established and unchanged throughout the proceedings below.

Under these circumstances, we conclude that principles of forfeiture and waiver preclude the People from seeking retrial of a standalone firearm enhancement on a personal use theory under section 12022.53, subdivision (b).

## II

We next consider whether the trial court nevertheless has discretion at resentencing to impose a lesser vicarious arming enhancement under section 12022, subdivision (a)(1), based on the findings already made by the jury as to section 12022.53, subdivision (e)(1). In an unusual twist, Ohlinger argues that the trial court *does* have discretion to impose the lesser enhancement on remand, and the People argue that it *does not*. We conclude that it does.

Section 12022, subdivision (a)(1), provides in relevant part that "a person who is armed with a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment . . . for one year, unless the arming is an element of that offense. This additional term shall apply to a person who is a principal in the commission of a felony or attempted felony if one or more of the principals is armed with a firearm, whether or not the person is personally armed with a firearm."

The People do not dispute that in finding true the gang-related firearm enhancement under section 12022.53, subdivisions (b) and (e)(1), the jury also found true the necessary elements for the section 12022, subdivision (a)(1) enhancement. Specifically, the jury found that a principal in the commission of the robbery personally used a firearm, which necessarily means that a

12

principal was armed with a firearm. (*People v. Strickland* (1974) 11 Cal.3d 946, 961.) But the People contend that imposition of the lesser section 12022 enhancement is precluded by the language of section 12022.53, subdivision (j). In relevant part, subdivision (j) provides that when an enhancement under section 12022.53 "has been admitted or found to be true, the court shall impose punishment for that enhancement pursuant to this section rather than imposing punishment authorized under any other law, unless another enhancement provides for a greater penalty or a longer term of imprisonment."

We agree with the decision in *People v. Fuller* (2022) 83 Cal.App.5th 394, review granted November 22, 2022, S276762 (*Fuller*), in which the Court of Appeal noted that while the text of section 12022.53, subdivision (j) "suggests that the only lesser enhancement that may be imposed when an enhancement under section 12022.53 has been found true would be another enhancement under section 12022.53[,] . . . *Tirado* held that (1) subdivision (j) of section 12022.53 does not limit a court's discretion to impose uncharged lesser enhancements [citation], and (2) 'imposition of an uncharged enhancement is permitted so long as the facts supporting its imposition are alleged and found true' [citation]." (*Fuller*, at pp. 402–403, quoting *Tirado*, *supra*, 12 Cal.5th at pp. 699–700.)[4]

We also find persuasive the analysis in *People v. Johnson* (2022) 83 Cal.App.5th 1074, review granted December 14, 2022, S277196 (*Johnson*), which reached the same conclusion as *Fuller*. In *Johnson*, the Court of Appeal noted that section 12022.53, subdivision (h), provides that a "court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (*Johnson*, at p. 1084.) The court reasoned that "even assuming that both section 12022.53(f) and section 12022.53(j) are mandatory *when punishment is being imposed pursuant to an existing section 12022.53 enhancement . . .* , if the trial court strikes *all* section 12022.53

4　　A recent published decision reaches the opposite conclusion. (See *People v. Lewis* (2022) 86 Cal.App.5th 34 [concluding § 12022.53, subd. (j) prevented the trial court from substituting the defendant's § 12022.53 firearm enhancement for a more lenient firearm enhancement under § 12022.5, subd. (a)].) The issue of whether trial courts have the discretion to strike section 12022.53 enhancements and instead impose lesser uncharged enhancements under section 12022.5 is currently pending before the Supreme Court. (See *People v. McDavid* (2022) 77 Cal.App.5th 763, review granted September 28, 2022, S275940.)

14

enhancements alleged and found true by the jury under section 12022.53(h), none of the mandatory provisions in section 12022.53(f) or section 12022.53(j) apply." (*Johnson*, at p. 1089.) We agree with the court's conclusion in *Johnson* that "while section 12022.53(j) continues to require trial courts to impose a section 12022.53 enhancement that is charged and admitted or found true and not subsequently stricken, section 12022.53(h) now permits striking of any or all of the section 12022.53 enhancements and, if all are stricken, imposition of a lesser enhancement when discretion is exercised pursuant to section 1385." (*Johnson*, at pp. 1089–1090.)

Accordingly, we conclude that the trial court has discretion on remand to impose a lesser vicarious arming enhancement under section 12022, subdivision (a)(1), based on the findings already made by the jury as to section 12022.53, subdivision (e)(1).

III

Lastly, the parties agree that on remand, the trial court may consider Senate Bill No. 81's revisions to section 1385 which limit the court's discretion to impose multiple enhancements. Specifically, section 1385 now provides that the presence of one of nine enumerated "mitigating circumstances" "weighs greatly in favor of dismissing the enhancement[] unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2); *People v. Walker* (2022) 86 Cal.App.5th 386, 391, review granted March 22, 2023, S278309.)

Although the People argue that Ohlinger forfeited his claim that the court failed to consider the option of striking enhancements under amended section 1385, the prosecution nonetheless concedes that Ohlinger can raise his section 1385 arguments at resentencing. We agree. The general rule on remand is that the trial court may revisit all of its prior sentencing decisions.

15

(See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"]; accord, *People v. Buycks* (2018) 5 Cal.5th 857, 893 [under the full resentencing rule, when part of a sentence is stricken, a remand for a full resentencing is appropriate to allow the trial court to exercise its sentencing discretion in light of the changed circumstances].)  On remand, the trial court may therefore consider amended section 1385 and resentence Ohlinger accordingly.

## DISPOSITION

Ohlinger's sentence and the jury's true finding on the gang-related firearm enhancement (§ 12022.53, subds. (b) & (e)(1)) as to count 18 are reversed. The matter is remanded to the trial court for resentencing. At resentencing, the trial court may revisit its prior sentencing decisions and is directed to consider (a) whether to exercise its discretion to dismiss any enhancements under amended section 1385, and (b) whether to impose the lesser vicarious firearm enhancement under section 12022, subdivision (a)(1). We express no opinion on how the court should exercise its sentencing discretion on remand. Following the conclusion of proceedings on remand, the trial court shall amend the abstract of judgment as necessary and forward copies of the amended abstract to the appropriate law enforcement and custodial officials. In all other respects, the judgment is affirmed.


BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


KELETY, J.

17