Filed 3/20/26  P. v. Fite CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B340187 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. MA056886 |
| v. | |
| DEON STACEY FITE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

The superior court resentenced appellant Deon Stacey Fite under Penal Code section 1172.75.[1]  On appeal, he challenges the court's imposition of the upper term for his conviction of robbery without complying with the factfinding requirement of section 1170, subdivision (b).  But section 1172.75, subdivision (d)(4) allows an exception to the factfinding requirement if the upper term was previously imposed as it was for Fite's original sentence.  We also reject Fite's argument that the superior court was unaware of its discretion to impose a term on the lesser firearm enhancement under section 12022.5, instead of the 10-year term it imposed for the enhancement under section 12022.53, subdivision (b).

The judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    Facts[2]

On July 20, 2012, Fite entered a gas station store in Lancaster, California.  He "swept" his gun through the inside of the store and pointed it at a customer.  Fite next pointed the gun at the cashier's head and demanded money.  Fite took cash from the register, as well as a red envelope which contained additional cash and a laminated two-dollar bill.  Before leaving, Fite told everyone to lie down and put their hands on the back of their heads.

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    We refer to the factual background from the opinion in *People v. Fite* (Apr. 23, 2014, B249434) [nonpub. opn.], which affirmed the judgment of conviction.

Fite was arrested at a nearby apartment complex with a gun, the red envelope, and the laminated two-dollar bill.

## II. Procedure

### A. Trial court proceedings

On May 3, 2013, a jury convicted Fite of second degree robbery (§ 211; count 1) and assault with a firearm (§ 245, subd. (a)(2); count 2). As to the robbery, the jury found allegations true for personal use of a firearm under sections 12022.53, subdivision (b) and section 12022.5, subdivision (a). As to the assault, the jury found the firearm allegation true under section 12022.5, subdivision (a) only. The jury also convicted Fite of possession of a firearm by a felon (§ 29800, subd. (a)(1); count 4).

Fite admitted that he previously sustained one conviction for the prior serious felony conviction enhancement (§ 667, subd. (a)(1)), one felony conviction under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and one conviction for which he served a prior prison term (§ 667.5, subd. (b)).

On June 13, 2013, the trial court sentenced Fite. For the robbery conviction, the court imposed 20 years, calculated as the upper term of five years, doubled pursuant to the Three Strikes law, plus 10 years for the firearm enhancement under section 12022.53, subdivision (b). For the possession of a firearm by a felon conviction, the court imposed a consecutive term of one year and four months, calculated as one-third the mid-term of two years, doubled pursuant to the Three Strikes law. The court imposed and stayed 18 years pursuant to section 654 for the assault and the firearm enhancement. The court imposed an additional five years for the prior serious felony conviction enhancement and one year for the prior prison term

3

enhancement.  The total aggregate term was 27 years and four months.

Fite timely appealed.  On April 23, 2014, another panel of this court affirmed the judgment.[3]

### B.    *Resentencing*

On July 26, 2024, the superior court conducted a resentencing hearing pursuant to section 1172.75 after receiving correspondence from the Department of Corrections and Rehabilitation.  The court dismissed the prior prison term enhancement.  It also struck the prior serious felony conviction enhancement, finding it was improperly based on a prior sustained juvenile petition.  The court denied Fite's request to strike the prior felony conviction under the Three Strikes law.

The superior court reimposed the upper term on the robbery conviction and doubled it pursuant to the Three Strikes law.  It also reimposed the additional 10-year term for the firearm enhancement under section 12022.53, subdivision (b).  For the possession of a firearm by a felon conviction, the court reimposed a consecutive one year and four months.  For the conviction of assault with the firearm and the firearm enhancement, it reimposed and stayed 18 years pursuant to section 654.  The total aggregate term was reduced to 21 years and four months.

---

[3]     *People v. Fite, supra,* B249434.

# DISCUSSION

## I. Resentencing under section 1172.75

Fite contends that the superior court erred by reimposing the upper term for his robbery conviction when resentencing him under section 1172.75. He reasons that reimposition of the upper term violated section 1170, subdivision (b) because no aggravating circumstance was admitted by him, stipulated to by the parties, or found true beyond a reasonable doubt by the court or a jury. We disagree.

### A. *Exception under section 1172.75, subdivision (d)(4)*

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5 by restricting the prior prison term enhancement to sentences for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) It invalidated prior prison term enhancements for other offenses. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).)

Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) made the changes by Senate Bill No. 136 retroactive and added former section 1171.1, now section 1172.75, which provided a mechanism for resentencing defendants whose sentences included terms on the invalid enhancements. (Stats. 2021, ch. 728, §§ 1, 3; Stats. 2022, ch. 58, § 12.) Under the resentencing procedure, the Department of Corrections and Rehabilitation identifies defendants currently serving a term for a judgment that included the invalid enhancement and forwards their information to the superior courts. Upon verification of eligibility of relief, the superior court recalls the sentence and

5

conducts a resentencing hearing.  (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

Section 1172.75, subdivision (d)(2) requires the court to "apply any other changes in the law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  Effective January 1, 2022, Senate Bill No. 567 amended section 1170, subdivision (b) to prohibit imposition of a sentence exceeding the middle term when a statute specifies three possible terms. (Stats. 2021, ch. 731, § 1.3.)  Section 1170, subdivision (b)(2) permits imposing the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term . . . exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

The resentencing provision under section 1172.75 provides an exception to the factfinding requirement of section 1170, subdivision (b).  Section 1172.75, subdivision (d)(4) states:

> "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

The first clause—"Unless the court originally imposed the upper term"— provides an exception for defendants who were originally

sentenced to the upper term from the second clause's factfinding requirement.

According to the court in *People v. Brannon-Thompson*, the plain language of section 1172.75, subdivision (d)(4) indicates that the factfinding requirement under section 1170, subdivision (b) applies only if the court is imposing the upper term for the first time. (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467.) *Brannon-Thompson* concluded that section 1172.75, subdivision (d)(4) permits the court to reimpose an upper term sentence even if a factfinder never found an aggravating factor beyond a reasonable doubt. (*Brannon-Thompson,* at p. 458.)

We agree with this interpretation of section 1172.75, subdivision (d)(4), and see no ambiguity in it. (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265 [when interpreting a statute, "[t]he plain meaning controls if there is no ambiguity in the statutory language"].)

### B. *No Sixth Amendment violation*

The court in *People v. Gonzales* (2024) 107 Cal.App.5th 312, 328–329, acknowledged that the plain language of section 1172.75, subdivision (d)(4) could be interpreted as it was in *Brannon-Thompson*. But *Gonzalez* concluded that permitting imposition of the upper term without a stipulation to, or a jury finding of, an aggravating circumstance beyond a reasonable doubt would violate the Sixth Amendment. (*Gonzales*, at pp. 329–330; *People v. Lynch* (2024) 16 Cal.5th 730, 759.) Under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California* (2007) 549 U.S. 270, 281 (*Cunningham*).) *Gonzalez*

7

interpreted section 1172.75, subdivision (d)(4) as only restricting eligibility to receive the upper term at resentencing to those who previously received the upper term.  But according to *Gonzalez*, section 1172.75, subdivision (d)(4) does not permit a court to entirely circumvent the factfinding requirement.  (*Gonzalez*, at p. 329.)

*People v. Mathis* addressed this Sixth Amendment issue. (*People v. Mathis* (2025) 111 Cal.App.5th 359, 372–373, review granted Aug. 13, 2025, S291628 (*Mathis*).)  In *Mathis*, the version of section 1170, subdivision (b) in effect at the time of the defendant's original sentence in 2017 granted the trial court broad discretion to select any of the three prison terms provided for the offense.[4]  The middle term was not presumptive and no requirement existed for a jury or a court to find a particular fact to justify imposition of the upper term.  Section 1170, subdivision (b) did not violate the Sixth Amendment because an additional

---

[4]     Until 2007, section 1170, former subdivision (b) provided that "the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime."  (§ 1170, former subd. (b); Stats. 1977, ch. 165, § 15; Stats. 1998, ch. 926, § 1.5.)  *Cunningham* held that this scheme violated the Sixth Amendment right to a jury trial because it allowed a defendant's sentence to be increased beyond the statutory maximum based on a fact he or she did not admit or not found true by a jury.  (*Cunningham*, *supra*, 549 U.S. at pp. 274–275.)

To remedy this violation, the Legislature amended section 1170, subdivision (b) to eliminate the middle term as the presumptive term and provide courts with "broad discretion" to choose the term.  (§ 1170, former subd. (b), enacted by Sen. Bill No. 40 (2007–2008 Reg. Sess.); Stats. 2007, ch. 3, § 2, eff. Mar. 30, 2007.)

factual determination was unnecessary to impose a greater sentence.

According to *Mathis*, because this same statutory scheme was in effect when the Legislature established section 1172.75, the heightened factfinding requirement was not necessary for defendants who originally received the upper term. (*Mathis*, *supra*, 111 Cal.App.5th at p. 373, review granted.) These defendants would have been sentenced under the prior version of section 1170, subdivision (b), which provided courts with the broad discretion that allowed them to dispense with the heightened factfinding requirement. (*Mathis*, at p. 373, review granted.) Under this version of section 1170, subdivision (b), an upper term sentence would have complied with the Sixth Amendment when originally imposed. (*Mathis*, at pp. 373–374.) When resentencing under section 1172.75, a court need not engage in any additional factfinding if the upper term was originally imposed. [5]

The Supreme Court granted review in a nonpublished case to decide the split of authority created by *Brannon-Thompson* and *Gonzalez* and will have the final say over whether section 1172.75, subdivision (d)(4) permits a court to reimpose an upper term sentence without satisfying the factfinding requirement of

---

[5] Fite cites *People v. Wiley* (2025) 17 Cal.5th 1069 to argue that imposing the upper term without a jury finding of an aggravating factor is an error of "constitutional dimension." But *Wiley* discussed the right to a jury determination of a fact related to a prior conviction to impose an upper term sentence. (*Id.* at p. 1076.) Fite acknowledges that *Wiley* addressed a different issue than that raised by the statutory exception for reimposing the upper term without a jury finding of an aggravating circumstance.

9

section 1170, subdivision (b).  (*Mathis*, *supra*, 111 Cal.App.5th at pp. 372–373, fn. 6, review granted [referring to *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903].)  Until then, we agree with *Brannon-Thompson* and *Mathis* and decline to follow *Gonzalez*.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456.)

## II. Discretion to impose a term for the firearm enhancement under section 12022.5

Fite argues that the superior court abused its discretion by failing to consider imposing a term for the firearm enhancement under section 12022.5, rather than imposing the 10-year term for under section 12022.53, subdivision (b).  He asserts that the court was unaware of its discretion to impose a term for the firearm enhancement under section 12022.5, subdivision (a), as recognized by the Supreme Court in *People v. McDavid* (2024) 15 Cal.5th 1015 (*McDavid*).  We reject Fite's argument.

### A. *Applicable law and analysis*

When first enacted in 1997, section 12022.53 mandated the imposition of " 'substantially longer prison sentences' " for the use of firearms in the commission of specific crimes.  (*People v. Garcia* (2002) 28 Cal.4th 1166, 1172 [quoting Stats. 1997, ch. 503, § 1].)  The original version mandated 10 years, 20 years, or 25 years to life, depending on whether the offender personally used, discharged, or discharged a firearm causing great bodily injury or death.  It also prohibited striking the punishment or dismissing the enhancement.

In 2017, the Legislature enacted Senate Bill No. 620 (2017–2018 Reg. Sess.), amending section 12022.53, subdivision (h) to remove the prior prohibition against striking the punishment or

10

dismissing the enhancement.  (*People v. Tirado* (2022) 12 Cal.5th 688, 696 (*Tirado*).)

The Supreme Court in *Tirado* further expanded a court's authority under section 12022.53, subdivision (j), after striking an enhancement for personal discharge causing great bodily injury or death (§ 12022.53, subd. (d)) which was alleged in the accusatory pleading and found true by a jury.  In such a situation, that provision allowed the court to impose a lesser included firearm enhancement for personal use (*id.*, subd. (b)) or personal discharge (*id.*, subd. (c)).  (*Tirado, supra*, 12 Cal.5th at p. 700.)

In 2024, *McDavid* expanded *Tirado* to permit a sentencing court—upon striking the section 12022.53 enhancement under subdivision (h)—to impose a lesser included, uncharged firearm enhancement under a law other than section 12022.53, if it is supported by facts that have been alleged and found true. (*McDavid, supra*, 15 Cal.5th at pp. 1021, 1030.)

For two years prior to *McDavid*, the courts of appeal were divided over whether a sentencing court could substitute an uncharged section 12022.5 enhancement for a charged section 12022.53 enhancement found true by a jury or admitted by the defendant.  (Compare *People v. Fuller* (2022) 83 Cal.App.5th 394, 400; *People v. Johnson* (2022) 83 Cal.App.5th 1074, 1082, with *People v. Lewis* (2022) 86 Cal.App.5th 34, 36, 42.)

As Fite concedes, *McDavid* predated Fite's resentencing by nearly three months.  Even if the superior court was unaware of *McDavid*, at least one line of cases recognized a sentencing court's discretion to impose the lesser enhancement for roughly two years before Fite's resentencing.

We presume the trial court understood its discretion and applied the pertinent law, unless the record demonstrates otherwise.  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390 (*Gutierrez*); *People v. Thomas* (2011) 52 Cal.4th 336, 361.)  During Fite's resentencing hearing, the superior court stated that it was "aware of all of the changes in the law that have occurred since the original sentencing on June 13th of 2013, and has exercised its discretion in the way that it feels most appropriate to arrive at the most appropriate sentence."  Fite describes the superior court's declaration as "hyperbolic."  But he fails to point out anything in the record that questions the court's declaration or suggests it was unaware of its discretion under *McDavid* or *Fuller* and *Johnson*.  (*People v. Lee* (2017) 16 Cal.App.5th 861, 866–867.)

The superior court's other sentencing decisions establish a "clear indication . . . that it would be idle" to remand.  (*Gutierrez*, *supra*, 58 Cal.4th at p. 1391; *People v. Salazar* (2023) 15 Cal.5th 416, 431.)  The court dismissed the prior prison term enhancement under section 667.5, subdivision (b) and the prior serious felony conviction enhancement under section 667, subdivision (a)(1) only because they were invalid.  It had multiple options to otherwise reduce the sentence.  First, it could have entirely stricken the 10-year term for the section 12022.53, subdivision (b) enhancement.  Second, the court could have stricken the prior conviction under the Three Strikes law.  Third, it could have imposed the lower or middle term for the robbery conviction.  Fourth, the court could have imposed a concurrent sentence for the possession of a firearm by a felon conviction.  This option would have reduced the sentence by a mere year and four months.  By declining to reduce the sentence in any of these

12

ways, the court demonstrated its unwillingness to reduce the sentence by imposing the lesser included firearm enhancement under section 12022.5, subdivision (a).

### B. *Ineffective assistance of counsel claim*

We also reject Fite's claim that his attorney provided ineffective assistance of counsel for not requesting that the court impose a lesser term for the firearm enhancement under section 12022.5.

To establish ineffective assistance of counsel, Fite " 'must show that counsel's performance was deficient.' (*Strickland* [*v. Washington* (1984) 466 U.S. 668, 687].)" (*People v. Ledesma* (1987) 43 Cal.3d 171, 216.) He must also show a "reasonable probability" that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland*, at pp. 693–694; *Ledesma*, at pp. 217–218; *People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Fite has not cited anything in the record to suggest the superior court was inclined to impose anything less than the 10-year term required for an enhancement under section 12022.53, subdivision (b). As stated, the court had at least four other options to reduce the sentence, including one that would have reduced the sentence by only one year and four months. But it chose to impose the maximum term available. We conclude it was not reasonably probable that Fite would have received a more favorable result if his counsel had requested a lesser term for the firearm enhancement under section 12022.5.

13

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

HANASONO, J.

We concur:

EDMON, P. J.

ADAMS, J.

14